**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HARBOUR ANTIBODIES BV, HARBOUR ANTIBODIES HCAb BV, ERASMUS UNIVERSITY MEDICAL CENTER ROTTERDAM, DR. ROGER KINGDON CRAIG | ) | C.A. No. 1:21-cv-01807-MN |
| | ) | **JURY TRIAL DEMANDED** |
| Plaintiffs, | ) | |
| v. | ) | **PUBLIC VERSION** |
| TENEOBIO, INC. | ) | |
| Defendant. | ) | |

**PLAINTIFFS' OPENING LETTER TO THE HONORABLE MARYELLEN NOREIKA**
**IN SUPPORT OF THEIR MOTION TO AMEND THE COMPLAINT**

OF COUNSEL:

John M. Desmarais
Tamir Packin
Kyle G. Petrie
Michael E. Furrow
Karl Mullen
Jun Tong
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Rebecca Lindhorst
DESMARAIS LLP
1899 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20006
(202) 451-4900

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Malisa C. Dang (#7187)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
mdang@potteranderson.com

*Attorneys for Plaintiffs Harbour Antibodies BV, Harbour Antibodies HCAb BV, and Erasmus University Medical Center Rotterdam*

Maria Tartakovsky
DESMARAIS LLP
101 California Street
Suite 3000
San Francisco, CA 94111
Tel: (415) 573-1900

Dated: January 13, 2025
11982627 / 24513.00001

PUBLIC VERSION
Dated: January 21, 2025

Dear Judge Noreika:

Plaintiffs Harbour Antibodies BV ("HBV"), Harbour Antibodies HCAb BV ("HBAB"), Erasmus University Medical Center Rotterdam ("Erasmus"), and Dr. Roger Kingdon Craig ("Craig") (collectively "Plaintiffs") respectfully move for leave to file their First Amended Complaint ("FAC").[1] The FAC updates the ownership of the asserted patents[2], provides technical clarifications[3], and alleges that Teneobio, Inc.'s ("Teneobio") parent company, Amgen, Inc. ("Amgen") also willfully infringed the asserted patents.[4] Plaintiffs' timely motion to amend under Rule 15(a) should be "freely granted" because no exception to this liberal standard applies here.

Teneobio opposes adding Amgen for two reasons. First, it asserts that adding Amgen conflicts with statements made by Plaintiffs' previous counsel. Second, Teneobio argues futility asserting that the allegations of infringement are not sufficient, and even if they were, that Amgen is licensed. None of those arguments pass muster. First, Plaintiffs' amendment is fully consistent with its previous statements. Indeed, when Amgen requested that Plaintiffs commit not to pursue an injunction or damages against Amgen, Plaintiffs refused. *See* Ex. 3. Second, adding Amgen would not be futile because Plaintiffs pled—based on Amgen's ***repeated confirmations***—that Amgen controls Teneobio and holds out Teneobio as part of its own business. Amgen's merits-based license defense is wrong. But more importantly, it is premature at this Rule 15(a) juncture.

**A. Plaintiffs' Have Sufficiently Pled Facts Alleging Amgen's Infringement.**

As set forth in detail in the FAC, Plaintiffs have sufficiently pled that Amgen directly, indirectly, and willfully infringed the asserted patents including through directing and controlling Teneobio's conduct and by holding out Teneobio as its agent and alter ego:

- Since Amgen's acquisition of Teneobio on October 19, 2021, Amgen has not operated Teneobio as an independent business: all of Teneobio's employees are Amgen employees, and the Amgen employees who run the Teneobio business report up to Amgen management. *See* Ex. 1, ¶¶ 16, 18. Amgen makes strategic decisions for Teneobio and Amgen makes all legal decisions for Teneobio on this case. *Id.* ¶ 19. Teneobio and Amgen admit that they are "***so interrelated that they operate as one***." *Id.* ¶ 18 (citing D.I. 71 at 3).
- Amgen participates in at least the marketing activity relating to the UniRat® platform, the distribution of the UniRat® platform to customers, and the further development, use, and commercialization of the UniRat® platform. *Id.* ¶ 20.
- Amgen has directly infringed each of the asserted patents by using the Accused Methods and Products either themselves, as Teneobio's alter ego, agent, and by directing and controlling the performance of the claimed steps by Teneobio and/or third-party laboratories. *See, e.g., id.* ¶¶ 73, 86, 99, 112; *see also id.* at Counts I-IV. Also, Amgen has indirectly infringed each of the asserted patents under theories of induced and contributory infringement. *See, e.g., id.* ¶¶ 75-77, 88-90, 101-103, 114-116.

---

[1] Attached hereto are the FAC (Ex. 1) and a redline comparison to the original Complaint (Ex. 2).
[2] *See* Ex. 1, ¶¶ 31, 34, 37, 40.
[3] *See* Ex. 1, ¶¶ 12, 42, 44, 47, 49-51, 54-56, 62, 63.
[4] *See* Ex. 1, ¶¶ 14-21, 24, 25, 67-68; *see also id.* Counts I-IV.

- Amgen has had—or at least should have had—knowledge of the asserted patents and its infringement by its October 2021 Teneobio acquisition. *See id.* ¶¶ 67-68, 78, 91, 104, 117.

**B. The Court Should Allow The Proposed Amendments.**

Leave to amend is "freely" granted unless: (1) there is undue delay on the part of the moving party; (2) the amendment would unfairly prejudice the opposing party; (3) the amendment is brought in bad faith; or (4) the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2). None of those exceptions applies here.

***First***, it is undisputed that Plaintiffs requested leave to amend on December 12, 2024, before the deadline the parties negotiated in the post-stay Revised Scheduling Order. *See* D.I. 176; *see Invensas Corp. v. Renesas Elecs. Corp.*, 2013 WL 1776112 at *3 (D. Del. Apr. 24, 2013) (stating that seeking leave before the deadline "strongly supports a conclusion" that the amendment was not untimely). Indeed, Plaintiffs sought leave to add Amgen ***less than a month*** after HBV, HBAB, and Erasmus's current counsel appeared in the case. *See* D.I. 167.

***Second***, Teneobio and Amgen will not be unfairly prejudiced by the FAC because of the early stage of the case, and Amgen—by its own admission—has been controlling this case since the outset. As this Court recently recognized, "the litigation is in its early stages." *Harbour Antibodies BV v. Teneobio, Inc.*, 2024 WL 4554855, at *8 (D. Del. Oct. 23, 2024). More than three months of fact discovery remain, no depositions have occurred, and trial is nearly 18 months away. D.I. 176. Additionally, Amgen has admitted that it has been controlling this case on behalf of Teneobio, including during settlement discussions. *See* D.I. 45 at 1-2; D.I. 65, ¶ 3.

In fact, Teneobio has been represented by Amgen's in-house counsel since March 2022 and Teneobio's outside counsel responded to Plaintiffs' subpoena to Amgen. *See* D.I. 12; Ex. 4. Amgen has already been defending against Plaintiffs' infringement allegations for the same asserted patents and the same Accused Methods and Products that Plaintiffs now seek to assert against Amgen. To the extent Amgen requires evidence and legal theories beyond what it has already propounded on behalf of Teneobio, there is substantial time remaining in the current schedule to do so. Because neither Teneobio nor Amgen can show that they will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence," they will not be unduly prejudiced. *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citations omitted).

***Third***, Plaintiffs' motion to add Amgen was filed within the timeframe agreed to by the parties, supporting that the FAC is not in bad faith and lacks a dilatory motive. *See Trueposition, Inc. v. Allen Telecom, Inc.*, 2002 WL 1558531, at *2 (D. Del. July 16, 2002) (refusing to find bad faith or dilatory motive in a motion filed in compliance with deadline to amend). Teneobio's argument that adding Amgen is counter to statements made by Plaintiffs' previous counsel is contradicted by the record. Plaintiffs ***rejected*** Amgen's request for "confirmation that Harbour will seek remedies only against Teneobio" and would "not seek to enforce against Amgen Inc." *See* Ex. 5; Ex. 3. Plaintiffs went even further, making clear that "[i]n the event that proceedings are required to enforce the remedies sought in this action against third parties, including Amgen and its other affiliates, ***Harbour reserves the right to pursue such claims*** although it may employ counsel other than DLA." Ex. 3 at 2. Plaintiffs' consistent course of action does not reflect bad faith.

***Fourth***, the proposed amendments are not futile. An amendment is only futile if "it is frivolous, fails to state a claim upon which relief can be granted, or 'advances a claim or defense that is legally insufficient on its face.'" *Cloud Farm Assocs., L.P. v. Volkswagen Grp. of Am., Inc.*, 2012 WL 3069390, at *1 (D. Del. July 27, 2012). Amgen seeks to prematurely litigate the merits of its infringement. But Amgen misses the mark because the FAC sufficiently pleads Amgen's infringement and Amgen does not have a license.

*<u>Amgen's Infringement</u>*. At the pleading stage, direct infringement need only "place the alleged infringer on notice of what activity . . . is being accused of infringement." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). This amounts to "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.* at 1353. Direct infringement can be established where one entity "directs or controls" the performance of another and infringement by a parent company can be established under either an agency or alter ego theory. *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017); *Brit. Telecomms. PLC v. IAC/InteractiveCorp*, 356 F. Supp. 3d 405, 409-10 (D. Del. 2019).

As outlined above, Plaintiffs have pled with specificity that Amgen directly and indirectly infringes the asserted patents, and that the infringement has been willful. *See, e.g.*, *supra* at 1-2. The FAC identifies the Accused Methods and Products, including Amgen's element-by-element infringement. *See* Ex. 1 at Counts I-IV. Furthermore, the FAC alleges facts sufficient to support that Amgen directs and controls Teneobio and that Teneobio is Amgen's agent and alter ego. *See supra* at 1. Teneobio and Amgen are "so interrelated that they operate as one." *See* Ex. 1, ¶ 18.

*<u>Amgen's License Defense</u>*. Understanding that the FAC sufficiently pleads Amgen's infringement, Teneobio argues that Amgen is licensed. As an initial matter, the Court should reject Teneobio's attempt to substantively resolve its recently pled license defenses on this abbreviated record where the FAC sufficiently pleads Amgen's infringement. *See* D.I. 181 at 35, 36; *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002) (stating that leave should be denied "[o]nly where it is clear to the court . . . that [the] claim has no possibility of succeeding on the merits"). Even if the Court were to consider the merits of Teneobio's license defenses at this stage—and it should not—Amgen does not have a license under the agreement between HBAB and Amgen that terminated in 2017. *See* Ex. 6 ("HCAb Agreement"); Ex. 7. As alleged in the FAC, "Amgen failed to make payments and terminated the [HCAb Agreement] in November 2017." *See* Ex. 1, ¶ 67. According to Section 2 of the HCAb Agreement, the license and sublicense rights are contingent upon [redacted] including the [redacted] and [redacted] Ex. 6 at 3-4. Because Amgen failed to make all required payments under Section 3 of the HCAb Agreement before termination it does not have any rights to the asserted patents. *See* Ex. 1, ¶ 67; *see also* Ex. 8. Furthermore, even if Teneobio is correct that the rights in Section 2 survive Amgen's failure to make the required payment and termination, whether the scope of such purported rights extends to the accused methods remains to be litigated.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
Malisa C. Dang (#7187)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com
mdang@potteranderson.com

*Attorneys for Plaintiffs Harbour Antibodies BV, Harbour Antibodies HCAb BV, and Erasmus University Medical Center Rotterdam*

OF COUNSEL:

John M. Desmarais
Tamir Packin
Kyle G. Petrie
Michael E. Furrow
Karl Mullen
Jun Tong
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Rebecca Lindhorst
DESMARAIS LLP
1899 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20006
(202) 451-4900

Maria Tartakovsky
DESMARAIS LLP
101 California Street
Suite 3000
San Francisco, CA 94111
Tel: (415) 573-1900

ASHBY & GEDDES

By: */s/ Steven J. Balick*
Steven J. Balick (#5207)
Andrew Colin Mayo (#2114)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
Tel: (302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiff Dr. Roger Kingdon Craig*

OF COUNSEL:

Gina A. Bibby
Nicole M. Kamish
WITHERS BERGMAN LLP
10250 Constellation Boulevard, Suite 1400
Los Angeles, CA 90067
(310) 277-9960

Christopher R. Cowles
John C. Serio
WITHERS BERGMAN LLP
101 Federal Street, Suite 1900
Boston, MA 02110
(617) 613-9700

Dated: January 13, 2025
11982627 / 24513.00001

PUBLIC VERSION
Dated: January 21, 2025