# EXHIBIT 3

[redacted]

DLA PIPER

**DLA Piper LLP (US)**
555 Mission Street
Suite 2400
San Francisco, California 94105-2933
www.dlapiper.com

Mike Sitzman
michael.sitzman@dlapiper.com
T 415.615.6175
F 415.659.7411

August 19, 2022

*Via Email:* *ngroombridge@paulweiss.com*

Nicholas Groombridge
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

Re: *Harbour Antibodies BV, et al. v. Teneobio, Inc.; Case No. 21-1807 (MN)*

Dear Nick:

We are writing in response to your August 16, 2022 letter on behalf of the Harbour Plaintiffs (collectively, "Harbour") and also on behalf of DLA Piper LLP (US) ("DLA") which joins in this response. Your letter highlights and underscores that Teneobio's motion to disqualify was intended to gain a tactical advantage in the underlying patent litigation. For the reasons explained below, neither Harbour nor DLA will agree to Amgen's extraordinary and baseless demand.

Without citing any legal authority, your letter requests that Harbour relinquish and waive any and all rights that it may have now or in the future against Amgen or its affiliates arising out of Teneobio's infringement of Harbour's patents. In particular, you ask Harbour to agree that it "will seek remedies only against Teneobio" and that it will "not seek to enforce against Amgen Inc. or any of Amgen's affiliates or subsidiaries other than Teneobio, any judgment entered against, or relief ordered from, Teneobio." You further ask Harbour to agree that, "should Teneobio be unable to fulfill any damages request, Harbour will not seek to hold Amgen Inc. or any of Amgen's other affiliates or subsidiaries directly or indirectly responsible for such damages."

There is no legal basis or justification for such an extraordinary request. Indeed, the entire premise of your letter is based on a distortion of DLA's opposition to the underlying disqualification motion, as well as a misunderstanding of the law of remedies. In its opposition, DLA explained that Harbour's prayer for relief is against Teneobio, which is the only defendant in this case, and that any effect on Amgen is, at most, "derivative." *See* Opposition, p. 11. For example, the complaint seeks to permanently enjoin Teneobio and "all those persons in active concert or participation with [Teneobio] from further acts of infringement." Compl., Prayer (c); see Fed. R. Civ. P. 65(d)(2)(C). To the extent that general language could apply to Amgen or any other third-party, that is a derivative effect of the permanent injunction against Teneobio. The complaint also seeks a monetary judgment against Teneobio. Compl., Prayer (c). To the extent that other entities may be liable for such a judgment in the event Teneobio cannot pay, that too is a derivative effect. For these reasons, the relief that Harbour seeks in this matter does not create any conflict under Rule 1.7(a)(1), and there is no basis for disqualification. *See* Opposition, p. 11. Likewise, there is no basis

for your demand that Harbour waive its rights to seek relief from other entities regardless of which law firm represents it. In the event that proceedings are required to enforce the remedies sought in this action against third parties, including Amgen and its other affiliates, Harbour reserves the right to pursue such claims although it may employ counsel other than DLA to do so.

Furthermore, your letter confirms that Teneobio is attempting to exploit the rules of professional conduct and its disqualification motion for strategic advantage. Notably, the commitments you seek do not concern DLA's participation in this litigation -- the purported concern of the disqualification motion -- but instead are directed at shielding Amgen and its other affiliates from potential derivative liability for their involvement, if any, in Teneobio's infringement. Specifically, you seek to leverage the disqualification motion against DLA to extract binding concessions from Harbour that it will not seek such relief in the future irrespective of the conduct that Amgen has or may in the future engage in. That is plainly improper. The Rules of Professional Conduct make clear that the rules should not be employed as "procedural weapons." Model R. Prof. Conduct, Scope [20] (2021). Yet, that is precisely what Teneobio is attempting to do here by demanding commitments to preclude Harbour from seeking derivative relief.

To the extent you intend to raise any of the issues in your letter in Teneobio's upcoming reply brief (either by attaching your letter or by making similar arguments), we request that you attach a copy of this letter to your reply brief so that the Court may be fully informed.

Very truly yours,

*/s/ Michael Sitzman*
Michael A. Sitzman
Counsel for the Harbour Plaintiffs

*/s/ Luke Mette*
Luke W. Mette
Counsel for DLA Piper LLP (US)

MS:cp

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARBOUR ANTIBODIES BV, HARBOUR ANTIBODIES HCAB BV, ERASMUS UNIVERSITY MEDICAL CENTER ROTTERDAM and DR. ROGER KINGDON CRAIG, | ) | |
| Plaintiffs, | ) | C.A. No. 21-1807 (MN) |
| v. | ) | |
| TENEOBIO, INC., | ) | |
| Defendant. | ) | |

**NON-PARTY AMGEN INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-Party Amgen Inc. ("Amgen"), by and through its attorneys, hereby objects and responds to Plaintiffs' Harbour Antibodies BV, Harbour Antibodies HCAb BV, Erasmus University Medical Center Rotterdam, and Dr. Roger Kingdon Craig (collectively, "Harbour" or "Plaintiffs") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") dated December 23, 2022, as follows. Each of Amgen's responses is subject to and without waiver of both the general and specific objections asserted below.

**GENERAL OBJECTIONS AND RESPONSES**

1. Amgen reserves the right to further supplement and amend its objections and responses to the Subpoena.

2. The objections and responses set forth below are based on Amgen's reasonable interpretation of the Subpoena, and Amgen reserves the right to supplement or amend its objections

and responses should Plaintiffs assert an interpretation that differs from Amgen's interpretation or if conferences of counsel change Amgen's interpretation.

3. Amgen's objections and responses shall not be interpreted as implying that responsive information exists and is in the possession, custody, or control of Amgen or that Amgen acknowledges the appropriateness of the Subpoena.

4. Amgen objects to the Subpoena on the ground that it seeks information beyond the scope of permissible discovery because it seeks documents that are neither relevant to the subject matter of the above-identified patent infringement suit nor proportional to the needs of that case, considering the importance of the issues at stake, the amount in controversy, the respective relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighing its likely benefit.

5. Amgen objects to the Subpoena on the ground that the cost of responding to the requests imposes an undue burden upon Amgen that greatly exceeds the value to Plaintiffs of obtaining the requested documents and information.

6. Amgen objects to the Subpoena on the ground that it is overbroad and not narrowly tailored so as to avoid imposing an undue burden and expense on Amgen as required by Federal Rules of Civil Procedure 45(d)(1).

7. Amgen objects to the Subpoena to the extent it seeks information that is already in the possession, custody, or control of Plaintiffs.

8. Amgen objects to the Subpoena to the extent it seeks information that is obtainable from another source that is more convenient, less burdensome, and/or less expensive, including publicly available sources or from parties to the above-identified patent infringement suits, or calls for discovery that can be as easily obtained from other sources by Plaintiffs as by Amgen. Amgen

is not a party to this dispute and should not be subjected to any burdens that could be borne by the actual litigants.

9. Amgen objects to the Subpoena to the extent that it sets forth requests that are duplicative of one another or seek duplicative information.

10. Amgen objects to the Subpoena to the extent it seeks information beyond Amgen's possession, custody, or control.

11. Amgen objects to the Subpoena to the extent the requests are unbounded by time or geography.

12. Amgen objects to the Subpoena to the extent that it seeks documents created or generated after the date of filing of the Complaint in this case on December 23, 2021. Documents created or generated after December 23, 2021 will not be produced.

13. Amgen objects to the production of electronically stored information ("ESI") from sources that are not reasonably accessible because of undue burden and/or cost, including, but not limited to, metadata, dynamic or transitory data, voice mail, instant messages, and information stored and maintained on backup storage media. Amgen further objects to the preservation of such ESI. To the extent that Amgen maintains certain ESI in backup form, the cost and time required to restore such ESI would be prohibitively expensive, so any such information is not reasonably accessible. Amgen reserves the right to produce ESI in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

14. Amgen objects to the Subpoena on the ground that the definition of "Amgen," "You," and "Your" is vague, ambiguous, overbroad, and unduly burdensome. Amgen will limit its responses only to Amgen Inc.

15. Amgen objects to the Subpoena on the ground that the definition of "Teneobio" is overbroad, unduly burdensome, disproportionate to the needs of this case, and inclusive of parties that are not relevant to the claims and defenses in this litigation, to the extent it requests documents concerning "subsidiaries, divisions, [or] affiliates" of Teneobio. Amgen will limit its responses only to Teneobio, Inc.

16. Amgen objects to the Subpoena on the ground that "Harbour Technology" is vague, ambiguous, overly broad, unduly burdensome, and, to the extent it encompasses methods beyond those claimed in the Asserted Patents, irrelevant to the claims or defenses in this action and disproportionate to the needs of this case.

17. Amgen objects to the definition of "Teneobio's Methods and Products" as vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of this case, and inclusive of methods and products that are not relevant to the claims and defenses in this litigation. Amgen will only produce responsive non-privileged documents related to UniRat® and its use within the relevant time period(s) to produce heavy chain only antibodies in its possession, custody, or control that are relevant to this litigation and can be located after a reasonable search.

18. Amgen objects to the Subpoena on the ground that the definition of "Document(s)" is vague, ambiguous, overbroad, and unduly burdensome. Amgen further objects to the Subpoena on the ground that the definition of "Document(s)" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

19. Amgen objects to the Subpoena on the ground that the definition of "Communication(s)" is vague, ambiguous, overbroad, and unduly burdensome. Amgen further objects to the Subpoena on the ground that the definition of "Communication(s)" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

20. Amgen objects to the Subpoena on the ground that the definitions of "related," "related to," and "concerning" are vague, ambiguous, overbroad, and unduly burdensome. Amgen further objects to the Subpoena on the ground that the definitions of "related," "related to," and "concerning" impose obligations beyond those required by the Federal Rules of Civil Procedure.

21. Amgen objects to the Subpoena on the ground that the definition of "Thing" is vague, ambiguous, overbroad, and unduly burdensome. Amgen further objects to the Subpoena on the ground that the definition of "Thing" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

22. Amgen objects to the Subpoena on the ground that the definition of "Electronically Stored Information" is vague, overbroad, and unduly burdensome. Amgen further objects to the Subpoena on the ground that the definition of "Thing" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

23. Amgen objects to the Subpoena on the ground that the definitions of "Person" and "Entity" are vague, ambiguous, overbroad, and unduly burdensome. Amgen further objects to the Subpoena on the ground that the definitions of "Person" and "Entity" impose obligations beyond those required by the Federal Rules of Civil Procedure.

24. Amgen objects to the Subpoena on the ground that the definition of "Prior Art" is vague, ambiguous, overbroad, and unduly burdensome. Amgen further objects to the Subpoena on the ground that the definition of "Prior Art" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

25. Amgen objects to the Subpoena on the ground that the definition of "Teneobio Personnel" is vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of this case, and inclusive of person(s) that are not relevant to the claims and defenses in this

litigation. Amgen further objects to the Subpoena on the ground that the definition of "Teneobio Personnel" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

26. Amgen objects to the Subpoena on the ground that the definition of "Amgen Personnel" is vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of this case, and inclusive of person(s) that are not relevant to the claims and defenses in this litigation. Amgen further objects to the Subpoena on the ground that the definition of "Amgen Personnel" imposes obligations beyond those required by the Federal Rules of Civil Procedure

27. Amgen objects to the Subpoena on the ground that the definition of "Financial Transactions" is vague, ambiguous, overbroad, and unduly burdensome. Amgen further objects to the Subpoena on the ground that the definition of "Financial Transactions" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

28. Amgen objects to the Subpoena to the extent the definition of any terms or phrases calls for a legal conclusion.

29. Amgen objects to Instruction No. 2 of the Requests because it seeks to impose obligations beyond or inconsistent with those imposed by Federal Rule of Civil Procedure 45, and would result in undue burden or expense.

30. Amgen objects to Instruction No. 3 of the Requests because it seeks to impose obligations beyond or inconsistent with those imposed by Federal Rule of Civil Procedure 45, and would result in undue burden or expense.

31. Amgen objects to Instruction No. 4 of the Requests because it seeks to impose obligations beyond or inconsistent with those imposed by Federal Rule of Civil Procedure 45, and would result in undue burden or expense.

32. Amgen objects to Instruction No. 5 of the Requests on the ground that continuing obligations of Rule 26(e) of the Federal Rules of Civil Procedure such as a duty to supplement are not applicable to Amgen as a non-party.

33. Amgen objects to Instruction No. 7 of the Requests on the ground that Amgen is not a party to the Stipulated Protective Order and that Instruction No. 7 seeks to impose obligations beyond or inconsistent with those imposed by Federal Rule of Civil Procedure 45, and would result in undue burden or expense.

34. Amgen objects to Instruction No. 8 of the Requests on the ground that it seeks to impose obligations beyond or inconsistent with those imposed by Federal Rule of Civil Procedure 45, and would result in undue burden or expense.

35. Amgen objects to the Subpoena and Instruction No. 9 to the extent it is not limited to a relevant and reasonable time period, and reserves the right to further limit the relevant time period as appropriate to avoid undue burden on Amgen.

36. Amgen objects to Instruction No. 10 of the Requests on the ground that it seeks to impose obligations beyond or inconsistent with those imposed by Federal Rule of Civil Procedure 45, and would result in undue burden or expense.

37. Amgen objects to Instruction No. 11 of the Requests on the ground that it seeks to impose obligations beyond or inconsistent with those imposed by Federal Rule of Civil Procedure 45, and would result in undue burden or expense. Amgen reserves the right to employ standard de-duplications methods for production of any responsive documents.

38. Amgen objects to Instruction No. 12 on the ground that it is inconsistent with and imposes obligations beyond those required by the Federal Rules of Civil Procedure.

39. Amgen objects to the Subpoena to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, common interest privilege, or any other applicable discovery privilege or immunity. Amgen construes each request as not seeking such documents or information, and such documents or information shall not be produced in response to the requests. Any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work-product protection which may attach thereto.

40. Amgen objects to the Subpoena to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen will produce documents only subject to the protections of a protective order in the underlying litigation. Amgen will provide information confidential to any third-party only to the extent it can do so consistent with its obligations to the respective third party or third parties to whom the information is confidential.

41. Amgen objects to the Subpoena to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure or other applicable law.

## SPECIFIC OBJECTIONS AND RESPONSES

Amgen incorporates by reference into each Specific Objection and Response below, as though fully set forth therein, each of its General Objections and Responses. Amgen further objects and responds to the Document Requests as follows:

**REQUEST NO. 1:**

> All Documents, Communications, agreements, licenses, or contracts relating to the Asserted Patents and any related patent and/or application. Documents include, but are not limited to, memoranda and/or analyses regarding patentability, infringement and/or validity of the Asserted Patents and any related patent and/or application, any patentability search, search strategy and search results.

**RESPONSE TO REQUEST NO. 1:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "[a]ll . . . agreements, licenses, or contracts relating to the Asserted Patents and any related patent and/or application." Amgen further objects to this request on the ground that the terms and phrases "agreements, licenses, or contracts relating to the Asserted Patents and any related patent and/or application," are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 2:**

> All Documents and Communications relating to Harbour Technology. Documents and Communications include, but are not limited to, any competitor analysis, reverse engineering, infringement analysis, product comparisons, lab notebooks, freedom to operate search and analysis, any economic or business due diligence analysis, and any intellectual property due diligence analysis.

**RESPONSE TO REQUEST NO. 2:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "any competitor analysis, reverse engineering, infringement analysis, product comparisons, lab notebooks, freedom to operate search analysis, any economic or business due diligence analysis, and any intellectual property due diligence analysis." Amgen further objects to this request on the ground that the terms and phrases "competitor analysis, reverse engineering,

infringement analysis, product comparisons, lab notebooks, freedom to operate search analysis, any economic or business due diligence analysis, and any intellectual property due diligence analysis" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 3:**

> Documents sufficient to identify or describe all product names, internal names, code names, and designations for any Amgen projects, methods, or products relating to HCAbs.

**RESPONSE TO REQUEST NO. 3:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen

further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "all product names, internal names, code names, and designations for any Amgen projects, methods, or products relating to HCAbs." Amgen further objects to this request on the ground that the terms and phrases "product names, internal names, code names, and designations" and "Amgen projects, methods, or products relating to HCAbs" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 4:**

> All Documents and Communications relating to any business, strategic, and marketing plans, market demand and strategic analyses, or economic analyses concerning any project, method, or product that incorporates production or development of HCAbs.

**RESPONSE TO REQUEST NO. 4:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "any business, strategic, and marketing plans, market demand and strategic analyses, or economic analyses concerning any project, method, or product that incorporates production or development of HCAbs." Amgen further objects to this request on the ground that the terms and phrases "project, method, or product that incorporates production or development of HCAbs" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 5:**

> All Documents relating to the conception, design, evaluation, development, research, testing, manufacture, implementation, or use of any project, method, or product that incorporates production or development of HCAbs. Documents include, but are not limited to, presentations regarding product development, timelines and milestones summary or presentation for product development, annual reports and forecasts regarding product development; laboratory protocols, laboratory notebooks, posters, abstracts, presentations, clinical trials and protocols thereof, Investigational New Drug (IND) applications, Biologics License Applications (BLA) filings, or any other regulatory documents or correspondence with U.S. Food and Drug Administration (FDA) and European Medicines Agency (EMA), antibody DNA and protein sequences, maps and genome sequences of endogenous heavy chain locus of the animals used to produce HCAbs. Methods or products relating to HCAbs include, but are not limited to, multispecific antibody manufacture methods and products involving HCAbs.

**RESPONSE TO REQUEST NO. 5:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on

the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "the conception, design, evaluation, development, research, testing, manufacture, implementation, or use of any project, method, or product that incorporates production or development of HCAbs." Amgen further objects to this request on the ground that the terms and phrases "project, method, or product that incorporates production or development of HCAbs" are vague, ambiguous, and undefined. Amgen further objects to this request on the ground that the term "multispecific antibody" is vague, ambiguous, and undefined. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks the production of "[all] Documents." Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 6:**

All Documents relating to any agreement, license, plan, contract, or negotiation concerning any project, method, or product relating to HCAbs.

**RESPONSE TO REQUEST NO. 6:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "any agreement, license, plan, contract, or negotiation concerning any project, method, or product relating to HCAbs." Amgen further objects to this request on the ground that the terms and phrases "project, method, or product relating to HCAbs," are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 7:**

> All Documents concerning all actual or potential patent licenses, technology license agreements, know-how license agreements, royalty agreements, settlement agreements, and covenants not to sue to which Amgen has at any time been a party relating to HCAbs.

**RESPONSE TO REQUEST NO. 7:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "all actual or potential patent licenses, technology license agreements, know-how license agreements, royalty agreements, settlement agreements, and covenants not to sue to which Amgen has at any time been a party relating to HCAbs." Amgen further objects to this request on the ground that the term and phrase "relating to HCAbs" is vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-

product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce documents responsive to this request as drafted. Amgen is willing to meet and confer with counsel for Harbour on the scope of this request.

**REQUEST NO. 8:**

> All Documents reflecting Amgen's formal or informal licensing policies, practices and/or procedures relating the use of intellectual property or technology, whether licensing others to Amgen's patents or taking a license from third parties on their patents.

**RESPONSE TO REQUEST NO. 8:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "Amgen's formal

or informal licensing policies, practices and/or procedures relating to the use of intellectual property or technology, whether licensing others to Amgen's patents or taking a license from third parties on their patents." Amgen further objects to this request on the ground that the terms and phrases "formal or informal licensing policies, practices and/or procedures relating to the use of intellectual property or technology" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce Documents or Communications responsive to this request.

**REQUEST NO. 9:**

All Documents and Communications concerning the circumstances under which Amgen first became aware of any of the Asserted Patents or related patents/applications.

**RESPONSE TO REQUEST NO. 9:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI

from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce Documents or Communications responsive to this request.

**REQUEST NO. 10:**

All Documents and Communications concerning all actual or potential patent licenses, technology license agreements, know-how license agreements, royalty agreements, settlement agreements, and covenants not to sue proposed or executed between Amgen and any of the Plaintiffs relating to (i) any method or product that incorporates production or development of HCAbs; (ii) Harbour technology; and (iii) the Asserted Patents and any related patent/application.

**RESPONSE TO REQUEST NO. 10:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request to the extent it seeks the production of information already in Plaintiffs' possession. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and

not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "all actual or potential patent licenses, technology license agreements, know-how license agreements, royalty agreements, settlement agreements, and covenants not to sue proposed or executed between Amgen and any of the Plaintiffs relating to (i) any method or product that incorporates production or development of HCAbs; (ii) Harbour technology; and (iii) the Asserted Patents and any related patent/application." Amgen further objects to this request on the ground that the terms and phrases "any method or product that incorporates production or development of HCAbs" and "Harbour technology" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is duplicative of Requests Nos. 6 and 7. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 11:**

All Documents and Communications relating to the Confidential Disclosure Agreement executed between Amgen and Harbour Entities dated on or about April 14, 2011.

**RESPONSE TO REQUEST NO. 11:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request to the extent it seeks the production of information already in Plaintiffs' possession. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality

agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is duplicative of Request No. 10. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 12:**

> All Documents and Communications relating to the Confidential Disclosure Agreement executed between Amgen and Harbour Entities with an effective date on or about September 20, 2011.

**RESPONSE TO REQUEST NO. 12:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request to the extent it seeks the production of information already in Plaintiffs' possession. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or

exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 13:**

> All Documents and Communications relating to Material Transfer and Evaluation Agreement executed between Amgen and Harbour Entities dated on or about December 8, 2011.

**RESPONSE TO REQUEST NO. 13:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request to the extent it seeks the production of information already in Plaintiffs' possession. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome.

Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it produce relevant, non-privileged documents sufficient to show communication and performance under the December 8, 2011 Material Transfer and Evaluation Agreement executed between Amgen and Harbour for the time period during which the referenced agreement was negotiated until it was terminated, to the extent Amgen has any nonprivileged documents responsive to this request in its possession, custody, or control that can be located after a reasonable search.

**REQUEST NO. 14:**

All Documents and Communications relating to the HCAb License Agreement executed between Amgen and Harbour Entities on or about December 3, 2013 with an effective date on or about December 8, 2011.

**RESPONSE TO REQUEST NO. 14:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request to the extent it seeks the production of information already in Plaintiffs' possession. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by

Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it produce relevant, non-privileged documents responsive to this request sufficient to show communication and performance under the December 3, 2013 HCAb License Agreement executed between Amgen and Harbour for the time period during which the referenced agreement was negotiated until it was terminated, to the extent Amgen has any nonprivileged documents responsive to this request in its possession, custody, or control that can be located after a reasonable search.

**REQUEST NO. 15:**

> All Documents, Communications and presentations between Amgen and Harbour Entities or Teneobio relating to any method or product that incorporates production or development of HCAbs.

**RESPONSE TO REQUEST NO. 15:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "any method or product that incorporates production or development of HCAbs." Amgen further objects to this request on the ground that the terms and phrases "any method or product that incorporates production or development of HCAbs" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of

privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds this request, on its face, only seeks documents already in the possession of the parties to the Action. As a non-party, Amgen would be unduly burdened by searching for documents already in the parties' possession. While Amgen is willing to meet and confer with counsel for Harbour, Amgen will not search for documents in response to this request as drafted.

**REQUEST NO. 16:**

> All Documents and Communications relating to the discovery, identification, or manufacture of any antibody assets that were developed using Teneobio's Methods and Products.

**RESPONSE TO REQUEST NO. 16:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and

unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "the discovery, identification, or manufacture of any antibody assets that were developed using Teneobio's Methods and Products." Amgen further objects to this request on the ground that the terms and phrases "discovery, identification, or manufacture of antibody assets" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 17:**

> All Documents, Communications and presentations between Amgen and Harbour Entities or Teneobio relating to Harbour technology.

**RESPONSE TO REQUEST NO. 17:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil

Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request on the ground that the term and phrase "Harbour technology" is vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds this request, on its face, only seeks documents already in the possession of the parties to the Action. As a non-party, Amgen would be unduly burdened by searching for documents already in the parties' possession. While Amgen is willing to meet and confer with counsel for Harbour, Amgen will not search for documents in response to this request as drafted.

**REQUEST NO. 18:**

> All Documents, Communications and presentations between Amgen and Harbour Entities or Teneobio relating to any of the Asserted Patents and any related patent/application.

**RESPONSE TO REQUEST NO. 18:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "any related patent/application." Amgen further objects to this request on the ground that the terms and phrases "any related patent/application" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of

privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds this request, on its face, only seeks documents already in the possession of the parties to the Action. As a non-party, Amgen would be unduly burdened by searching for documents already in the parties' possession. While Amgen is willing to meet and confer with counsel for Harbour, Amgen will not search for documents in response to this request as drafted.

**REQUEST NO. 19:**

> All Documents and Communications relating to the June 3, 2011 presentation titled "Transgenic Mouse Platforms for the Derivation of Human Heavy Chain Only Antibodies (HCAb)."

**RESPONSE TO REQUEST NO. 19:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen objects to this request as vague and ambiguous, with regard to the purported presentation as insufficient details are provided. Amgen further objects to this request to the extent it seeks information

protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce documents responsive to this request.

**REQUEST NO. 20:**

> All Documents and Communications relating to Amgen's decision to terminate the December 8, 2011 HCAb License Agreement executed between Amgen and Harbour Entities. Documents include, but are not limited to, any and all internal discussions and considerations regarding the motivation and for said termination, and any drafts, memoranda or discussions relating to Amgen's October 30, 2017 letter purporting to terminate the December 8, 2011 HCAb License Agreement.

**RESPONSE TO REQUEST NO. 20:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of

"Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it produce relevant, non-privileged documents responsive to this request sufficient to show the reason Amgen decided to terminate the December 3, 2013 HCAb License Agreement executed between Amgen and Harbour to the extent Amgen has any nonprivileged documents responsive to this request in its possession, custody, or control that can be located after a reasonable search.

**REQUEST NO. 21:**

> All Documents and Communications relating to Harbour's October 6, 2017 letter to Teneobio regarding infringement of Harbour's patents, including, but not limited to, analysis, review, discussion of the October 6, 2017 letter, and any analysis or opinions regarding Harbour Entities' patents referenced by the October 6, 2017 letter.

**RESPONSE TO REQUEST NO. 21:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI

from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "any analysis or opinions regarding Harbour Entities' patents referenced by the October 6, 2017 letter." Amgen further objects to this request on the ground that the terms and phrases "any analysis or opinions regarding Harbour Entities' patents referenced by the October 6, 2017 letter," are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce documents responsive to this request.

**REQUEST NO. 22:**

> All Documents and Communications relating to the roles and responsibilities of Teneobio Personnel both before and after the acquisition by Amgen.

**RESPONSE TO REQUEST NO. 22:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "the roles and responsibilities of Teneobio Personnel both before and after the acquisition by Amgen." Amgen further objects to this request on the ground that the terms and phrases "the roles and responsibilities of Teneobio Personnel" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy,

any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce documents responsive to this request.

**REQUEST NO. 23:**

All Documents and Communications relating to the roles and responsibilities of Amgen Personnel relating to (i) Teneobio's Methods and Products; (ii) Harbour Technology; or (iii) the discovery, development, production or usage of HCAbs.

**RESPONSE TO REQUEST NO. 23:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "the roles and responsibilities of Amgen Personnel relating to (i) Teneobio's Methods and Products; (ii) Harbour Technology; or (iii) the discovery, development, production or usage of HCAbs." Amgen further objects to this request on the ground that the terms and phrases "the roles and responsibilities of Amgen Personnel" and "the discovery, development, production or

usage of HCAbs" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will produce relevant, non-privileged, documents responsive to this request sufficient to show the roles and responsibilities of Amgen Personnel relating to the UniRat® or Harbor Mice® and the use of the UniRat® or Harbour Mice ® in the discovery, development, production, or usage of HCAbs for the time period during which the Asserted Patents have been in force up to the filing of the Complaint in this case, to the extent Amgen has any nonprivileged documents responsive to this request in its possession, custody, or control that can be located after a reasonable search.

**REQUEST NO. 24:**

> All Documents and Communications authored by, sent to, or received from any of the Teneobio Personnel or Amgen Personnel relating to (i) Teneobio; (ii) Teneobio's Methods and Products; (iii) any of the Plaintiffs; (iv) Harbour Technology; and (v) the discovery, development or production of HCAbs.

**RESPONSE TO REQUEST NO. 24:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to

avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "(i) Teneobio; (ii) Teneobio's Methods and Products; (iii) any of the Plaintiffs; (iv) Harbour Technology; and (v) the discovery, development or production of HCAbs." Amgen further objects to this request on the ground that the terms and phrases "the discovery, development or production of HCAbs" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 25:**

> Documents sufficient to show Amgen's organizational and reporting structure, including, but not limited to, organizational charts from the October 19, 2021 acquisition of Teneobio through present.

**RESPONSE TO REQUEST NO. 25:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "Amgen's organizational and reporting structure, including, but not limited to, . . . from the October 19, 2021 acquisition of Teneobio through present." Amgen further objects to this request on the ground that the terms and phrases "Amgen's organizational and reporting structure" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or

obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce documents responsive to this request.

**REQUEST NO. 26:**

All Documents and Communications relating to Amgen's decision to acquire Teneobio.

**RESPONSE TO REQUEST NO. 26:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "All Documents and Communications relating to Amgen's decision to acquire Teneobio." Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional,

statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 27:**

> All Documents and Communications relating to Amgen's due diligence regarding Teneobio preceding the acquisition, including, but not limited to, memoranda and opinion, presentations associated with the diligence, any patentability search and analysis of Teneobio's intellectual property, and freedom to operate search and analysis.

**RESPONSE TO REQUEST NO. 27:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks production of "All Documents and Communications regarding Amgen's due diligence regarding Teneobio preceding the acquisition." Amgen further objects to this request on the ground that the terms and phrases "Amgen's due diligence regarding Teneobio preceding the acquisition" and "memoranda and opinion,

presentations associated with the diligence, any patentability search and analysis of Teneobio's intellectual property, and freedom to operate search and analysis" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce documents responsive to this request.

**REQUEST NO. 28:**

All Documents and Communications relating to Amgen's actual or potential licensing of Teneobio's Methods and Products.

**RESPONSE TO REQUEST NO. 28:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to

Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "Amgen's actual or potential licensing of Teneobio's Methods and Products." Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 29:**

> All Documents and Communications relating to any business plan, strategic plan, marketing plans, market demand analysis, strategic analysis, or economic analysis concerning Teneobio's Methods and Products, which include, but are not limited to, Teneobio assets such as TNB-383B, TNB-486, TNB-585, FOLR1 T cell engager, and 5T4 cell engager.

**RESPONSE TO REQUEST NO. 29:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to

avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks the production of "All Documents and Communications relating to any business plan, strategic plan, marketing plans, market demand analysis, strategic analysis, or economic analysis." Amgen further objects to this request on the ground that the terms and phrases "any business plan, strategic plan, marketing plans, market demand analysis, strategic analysis, or economic analysis" are vague, ambiguous, and undefined. Amgen further objects to the terms "Teneobio assets," "FOLR1 T cell engager," and "5T4 cell engager" as vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will produce responsive, non-privileged documents responsive to this request sufficient to show

the status of TNB-585 for the time period during which the Asserted Patents have been in force up to the filing of the Complaint in this case, to the extent Amgen has any nonprivileged documents responsive to this request in its possession, custody, or control that can be located after a reasonable search.

**REQUEST NO. 30:**

> Documents sufficient to show Amgen's gross and net revenue since the October 19, 2021 acquisition of Teneobio on a quarterly basis relating to Teneobio's Methods and Products (both separately for each of Teneobio's Methods and Product and cumulatively for all Teneobio's Methods and Products).

**RESPONSE TO REQUEST NO. 30:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs, including information regarding Teneobio's Methods and Products. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "Amgen's gross and net revenue since the October 19, 2021 acquisition of Teneobio on a quarterly basis relating to Teneobio's Methods and Products (both separately for each of Teneobio's Methods and Product

and cumulatively for all Teneobio's Methods and Products)." Amgen further objects to this request to the extent it seeks documents not kept in the ordinary course of Amgen's business. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce documents responsive to this request.

**REQUEST NO. 31:**

> Documents sufficient to show Amgen's costs since the October 19, 2021 acquisition of Teneobio on a quarterly basis relating to Teneobio's Methods and Products (both separately for each of Teneobio's Methods and Product and cumulatively for all Teneobio's Methods and Products).

**RESPONSE TO REQUEST NO. 31:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen

further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "Amgen's costs since the October 19, 2021 acquisition of Teneobio on a quarterly basis relating to Teneobio's Methods and Products (both separately for each of Teneobio's Methods and Product and cumulatively for all Teneobio's Methods and Products)." Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce documents responsive to this request.

**REQUEST NO. 32:**

> Documents sufficient to show Amgen's methodology in determining the profitability of Teneobio's Methods and Products. Documents include information such as gross profits, operating income, net income, gross profit margins, contribution margins, operating profit margins, and net profit margins since the October 19, 2021 acquisition of Teneobio on a quarterly basis (both separately for each of Teneobio's Methods and Product and cumulatively for all Teneobio's Methods and Products).

**RESPONSE TO REQUEST NO. 32:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "Amgen's methodology in determining the profitability of Teneobio's Methods and Products." Amgen further objects to this request on the ground that the terms and phrases "Amgen's methodology in determining the profitability of Teneobio's Methods and Products," are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce documents responsive to this request.

**REQUEST NO. 33:**

> All Documents concerning all actual or potential patent licenses, technology license agreements, know-how license agreements, royalty agreements, settlement agreements, and covenants not to sue to which Amgen is a party and that concern or cover any method or product that incorporates production or development of Teneobio's Methods and Products or HCAb technology. Documents include, but are not limited to, communications, drafts, term sheets, presentations, and memoranda concerning or reflecting the negotiation of such licenses, agreements, and covenants and their rates or payment terms; how those rates or payment terms were determined; and any royalty reports or similar documents identifying the payments made or received under those licenses, agreements, and covenants.

**RESPONSE TO REQUEST NO. 33:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "all actual or potential patent licenses, technology license agreements, know-how license agreements, royalty agreements, settlement agreements, and covenants not to sue to which Amgen is a party and that concern or cover any method or product that incorporates production or development of Teneobio's Methods and Products or HCAb technology." Amgen further objects to this request

on the ground that the terms and phrases "any method or product that incorporates production or development of Teneobio's Methods and Products or HCAb technology" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it purports to require Amgen do draw a legal conclusion as to whether particular licenses or agreements "concern or cover any method or product that incorporates production or development of Teneobio's Methods and Products or HCAb technology." Amgen further objects to this request to the extent it is duplicative of Requests Nos. 6 and 7. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request.

**REQUEST NO. 34:**

> Documents describing all Financial Transactions between Amgen and Harbour Entities or Teneobio relating to the Harbour Technology. Documents include, but are not limited to, final transactions documents, draft transaction documents, term sheets, valuations performed for purposes of evaluating or establishing proposed terms, forecasts prepared for purposes of evaluating or establishing proposed terms, competitive analyses performed for purposes of evaluating or establishing proposed terms.

**RESPONSE TO REQUEST NO. 34:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "all Financial Transactions between Amgen and Harbour Entities or Teneobio relating to the Harbour Technology." Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds this request, on its face, only seeks documents already in the possession of the parties to the Action. As a non-party, Amgen would be unduly burdened by searching for documents already in the

parties' possession. While Amgen is willing to meet and confer with counsel for Harbour, Amgen will not search for documents in response to this request as drafted.

**REQUEST NO. 35:**

> Documents describing all Financial Transactions between Amgen and Harbour Entities or Teneobio relating to Teneobio Products and Methods. Documents include, but are not limited to, final transactions documents, draft transaction documents, term sheets, valuations performed for purposes of evaluating or establishing proposed terms, forecasts prepared for purposes of evaluating or establishing proposed terms, competitive analyses performed for purposes of evaluating or establishing proposed terms.

**RESPONSE TO REQUEST NO. 35:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "all Financial Transactions between Amgen and Harbour Entities or Teneobio relating to Teneobio Products and Methods." Amgen further objects to this request to

the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds this request, on its face, only seeks documents already in the possession of the parties to the Action. As a non-party, Amgen would be unduly burdened by searching for documents already in the parties' possession. While Amgen is willing to meet and confer with counsel for Harbour, Amgen will not search for documents in response to this request as drafted.

**REQUEST NO. 36:**

> Documents describing all Financial Transactions between Amgen and Harbour Entities or Teneobio relating to any of the Asserted Patents and any related patent and/or application. Documents include, but are not limited to, final transactions documents, draft transaction documents, term sheets, valuations performed for purposes of evaluating or establishing proposed terms, forecasts prepared for purposes of evaluating or establishing proposed terms, competitive analyses performed for purposes of evaluating or establishing proposed terms.

**RESPONSE TO REQUEST NO. 36:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI

from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "all Financial Transactions between Amgen and Harbour Entities or Teneobio relating to any of the Asserted Patents and any related patent and/or application." Amgen further objects to this request on the ground that the terms and phrases "any related patent and/or application" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds this request, on its face, only seeks documents already in the possession of the parties to the Action. As a non-party, Amgen would be unduly burdened by searching for documents already in the parties' possession. While Amgen is willing to meet and confer with counsel for Harbour, Amgen will not search for documents in response to this request as drafted.

**REQUEST NO. 37:**

> Documents describing all Financial Transactions between Amgen and Harbour Entities or Teneobio relating to the discovery, development, production or usage of HCAb Documents include, but are not limited to, final transactions documents, draft transaction documents, term sheets, valuations performed for purposes of evaluating or establishing proposed terms, forecasts prepared for purposes of evaluating or establishing proposed terms, competitive analyses performed for purposes of evaluating or establishing proposed terms.

**RESPONSE TO REQUEST NO. 37:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "all Financial Transactions between Amgen and Harbour Entities or Teneobio relating to the discovery, development, production or usage of HCAb." Amgen further objects to this request on the ground that the terms and phrases "the discovery, development, or usage of HCAb" are vague, ambiguous, and undefined. Amgen further objects to this request to

the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds this request, on its face, only seeks documents already in the possession of the parties to the Action. As a non-party, Amgen would be unduly burdened by searching for documents already in the parties' possession. While Amgen is willing to meet and confer with counsel for Harbour, Amgen will not search for documents in response to this request as drafted.

**REQUEST NO. 38:**

> All Documents describing market forecasts relating to Teneobio Products and Methods. The products include, but are not limited to, both development tools (e.g., mice, rats or other hosts for antibody development) and antibody products. Market forecast includes, but is not limited to, any forecast of market size, market pricing, market costs, market competition, and loss of exclusivity calculation or determination for any product associated with the product or platform.

**RESPONSE TO REQUEST NO. 38:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI

from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "market forecasts relating to Teneobio Products and Methods" and information with respect to "any product associated with the product or platform." Amgen further objects to this request on the ground that the terms and phrases "market forecasts," development tools," "antibody products," "market size," "market pricing," "market costs," "market competition, and loss of exclusivity calculation or determination" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it purports to require Amgen do draw a legal conclusion regarding "loss of exclusivity." Amgen further objects to this request to the extent it is duplicative of Request No. 29. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it will not search for or produce documents responsive to this request as drafted. Amgen is willing to meet and confer with counsel for Harbour on the scope of this request.

**REQUEST NO. 39:**

> All Documents describing competitive analyses for Teneobio Products and Methods. The products include, but are not limited to, both development tools (e.g., mice, rats or other host for antibody development) and antibody products.

**RESPONSE TO REQUEST NO. 39:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information "describing competitive analyses for Teneobio Products and Methods." Amgen further objects to this request on the ground that the terms and phrases "competitive analyses," "development tools," and "antibody products" are vague, ambiguous, and undefined. Amgen

further objects to this request to the extent it is duplicative of Request No. 38. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Amgen responds that it will not search for or produce documents responsive to this request as drafted. Amgen is willing to meet and confer with counsel for Harbour on the scope of this request.

**REQUEST NO. 40:**

> All Documents describing sales forecasts and valuations for Teneobio Products and Methods. The products include, but are not limited to, both development tools (e.g., mice, rats or other host for antibody development) and antibody products.

**RESPONSE TO REQUEST NO. 40:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party

Amgen to undue burden and expense. Amgen further objects to this request to the extent it calls for information that is equally accessible to Plaintiffs. Amgen further objects to this request on the ground that Plaintiffs' definition of "Documents" is overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "sales forecasts and valuations for Teneobio Products and Methods." Amgen further objects to this request on the ground that the terms and phrases "sales forecasts and valuations," "development tools," and "antibody products" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it is duplicative of Request No. 38. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Amgen further objects to this request to the extent it is unlimited as to time.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request. Amgen responds that it will not search for or produce documents responsive to this request as drafted. Amgen is willing to meet and confer with counsel for Harbour on the scope of this request.

**REQUEST NO. 41:**

> All Documents and Communications relating to negotiations, discussions, valuations or transactions between Teneobio and Amgen. Documents and Communications include, but are not limited to, analyses, forecasts, and valuations performed by or on behalf of (such as an investment bank) Teneobio or Amgen.

**RESPONSE TO TOPIC NO. 41:**

Amgen specifically incorporates the General Responses and Objections above to the extent applicable to this request. Amgen also specifically objects to this Request as set forth herein.

Amgen objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suits filed in the District of Delaware. Amgen further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Amgen as required by Federal Rule of Civil Procedure 45(d)(1). Amgen further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Amgen further objects to this request to the extent it seeks information that has been, or could be more easily be, obtained through discovery on the parties to the Action and thus subjects non-party Amgen to undue burden and expense. Amgen further objects to this request on the ground that Plaintiffs' definitions of "Documents" and "Communications" are overbroad and unduly burdensome. Amgen further objects to this request as overbroad and unduly burdensome to the extent it seeks information regarding "negotiations, discussions, valuations or transactions between Teneobio and Amgen." Amgen further objects to this request on the ground that the terms and phrases "negotiations, discussions, valuations or transactions" are vague, ambiguous, and undefined. Amgen further objects to this request to the extent it is duplicative of Request No. 35. Amgen further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Amgen further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information

protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.

Subject to and without waiving any of the foregoing objections, Amgen responds that it is willing to meet and confer with counsel for Harbour on the basis and appropriate scope, if any, of this request. Amgen is willing to meet and confer with counsel for Harbour on the scope of this request.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Amgen Inc.*

OF COUNSEL:

Nicholas Groombridge
Eric Alan Stone
Peter Sandel
Eliza P. Strong
Chih-Wei Wu
GROOMBRIDGE, WU, BAUGHMAN & STONE LLP
60 East Mountain Road South
Cold Spring, NY 10516
(332) 269-0030

Wendy A. Whiteford
J. Drew Diamond
Chanson Chang
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1799
(805) 447-1000

January 24, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

Brian A. Biggs, Esquire
Stephanie E. O'Byrne, Esquire
Angela C. Whitesell, Esquire
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
*Attorneys for Plaintiffs Harbour Antibodies BV, Harbor Antibodies HCAb BV, and Erasmus University Medical Center Rotterdam*

*VIA ELECTRONIC MAIL*

Michael A. Sitzman, Esquire
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
*Attorneys for Plaintiffs Harbour Antibodies BV, Harbor Antibodies HCAb BV, and Erasmus University Medical Center Rotterdam*

*VIA ELECTRONIC MAIL*

Susan Krumplitsch, Esquire
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303
*Attorneys for Plaintiffs Harbour Antibodies BV, Harbor Antibodies HCAb BV, and Erasmus University Medical Center Rotterdam*

*VIA ELECTRONIC MAIL*

Ellen A. Scordino, Esquire
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
*Attorneys for Plaintiffs Harbour Antibodies BV, Harbor Antibodies HCAb BV, and Erasmus University Medical Center Rotterdam*

*VIA ELECTRONIC MAIL*

Lisa Lint, Esquire
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
*Attorneys for Plaintiffs Harbour Antibodies BV, Harbor Antibodies HCAb BV, and Erasmus University Medical Center Rotterdam*

*VIA ELECTRONIC MAIL*

Henry Fildes, Esquire
DLA PIPER LLP (US)
500 8th Street NW
Washington, DC 20004
*Attorneys for Plaintiffs Harbour Antibodies BV, Harbor Antibodies HCAb BV, and Erasmus University Medical Center Rotterdam*

*VIA ELECTRONIC MAIL*

Stephanie M. Piper, Esquire
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
*Attorneys for Plaintiffs Harbour Antibodies BV, Harbor Antibodies HCAb BV, and Erasmus University Medical Center Rotterdam*

*VIA ELECTRONIC MAIL*

Aaron G. Fountain, Esquire
Hui Zhao, Esquire
MORRISON & FOERSTER LLP
701 Brazos Street, Suite 1100
Austin, TX 78701
*Attorneys for Plaintiffs Harbour Antibodies BV and Harbor Antibodies HCAb BV*

*VIA ELECTRONIC MAIL*

Meghan M. Poon, Esquire
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
*Attorneys for Plaintiffs Harbour Antibodies BV and Harbor Antibodies HCAb BV*

*VIA ELECTRONIC MAIL*

Steven J. Balick, Esquire *VIA ELECTRONIC MAIL*
Andrew C. Mayo, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Plaintiff Dr. Roger Kingdon Craig*

Gina A. Bibby, Esquire *VIA ELECTRONIC MAIL*
Nicole Kamish, Esquire
WITHERS BERGMAN LLP
10250 Constellation Boulevard, Suite 1400
Los Angeles, CA 90067
*Attorneys for Plaintiff Dr. Roger Kingdon Craig*

Christopher R. Cowles, Esquire *VIA ELECTRONIC MAIL*
John Serio, Esquire
WITHERS BERGMAN LLP
101 Federal Street, Suite 1900
Boston, MA 02110
*Attorneys for Plaintiff Dr. Roger Kingdon Craig*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

# EXHIBIT 5

[redacted]

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3212

WRITER'S DIRECT FACSIMILE

(212) 492-0212

WRITER'S DIRECT E-MAIL ADDRESS

ngroombridge@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT A. BRITTON
DAVID W. BROWN
WALTER BROWN*+
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*+
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*+
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
AUSTIN POLLET*+
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
+ADMITTED ONLY TO THE CALIFORNIA BAR
*NOT ADMITTED TO THE NEW YORK BAR

August 16, 2022

**By Electronic Mail**

Michael Sitzman
DLA Piper LLP (US)
555 Mission Street
San Francisco, CA 94105
(415) 615-6175
michael.sitzman@dlapiper.com

Re: *Harbour Antibodies BV et al. v. Teneobio, Inc.,* Case No. 21-1807 (MN)

Dear Mike:

I write to request that Harbour Antibodies BV, Harbour Antibodies HCAb BV, Erasmus University Medical Center Rotterdam and Dr. Roger Kingdon Craig (collectively, "Harbour") give an enforceable commitment to Amgen Inc. ("Amgen") that in this action Harbour will not seek any form of injunctive relief against Amgen Inc. and/or any of its subsidiaries/affiliates other than Teneobio, Inc. ("Teneobio"), and further will not seek recovery of damages or other form of monetary remedies from Amgen Inc. and/or any of its subsidiaries/affiliates other than

Teneobio. To be clear, we understand that Harbour is seeking such remedies against Teneobio; what we are requesting is an assurance that any such remedies would be applicable only against Teneobio and not Amgen Inc. and/or its other subsidiaries/affiliates.

In response to Teneobio's arguments in its Opening Brief in support of its disqualification motion that DLA's representation of Harbour will directly harm Amgen, (D.I. 41), DLA asserts in its Answering Brief that any effect of Harbour's suit on Amgen would be only "derivative." D.I. 50. DLA argued that Harbour's infringement suit's effects on Amgen are "indirect rather than direct, since [Harbour's Complaint's] immediate impact is on the affiliate [Teneobio], and only derivatively upon [Amgen]." *Id.* at 11 (citations omitted). Indeed, DLA asserted that "Harbour seeks damages from Teneobio, not from Amgen" and "Harbour seeks an injunction prohibiting only '[Teneobio] . . . from infringing Harbour's patents." *Id.* (emphasis in original). The Answering Brief additionally asserts that Harbour's Complaint's request for an injunction "do[es] not mean the injunction is directed at Amgen."

On Amgen's behalf, we ask that DLA and Harbour give an enforceable and binding commitment that they will honor the statements referenced above with respect to all relief to be requested by Harbour in this litigation. Specifically, we ask for confirmation that Harbour will seek remedies only against Teneobio, and not against any other Amgen entity including Amgen Inc. or any of Amgen's affiliates or subsidiaries other than Teneobio, and further that Harbour will not seek to enforce against Amgen Inc. or any of Amgen's affiliates or subsidiaries other than Teneobio, any judgment entered against, or any relief ordered from, Teneobio. In that regard, I ask that this commitment include an enforceable promise that, should Teneobio be unable to fulfill any damages request, Harbour will not seek to hold Amgen Inc. or any of Amgen's other affiliates or subsidiaries directly or indirectly responsible for such damages. As you represented to the Court, "Harbour seeks damages *only* from Teneobio, *not from* Amgen." *Id.* (emphasis added).

This letter is without waiver of Teneobio's and Amgen's rights with respect to the pending disqualification motion. I seek only to have your client and your firm agree to be bound by what you have already told the Court.

We are available at your convenience to answer any questions you may have, or to discuss acceptable forms for receiving DLA's and Harbour's written, enforceable assurances.

Sincerely,

*/s/ Nicholas Groombridge*
Nicholas Groombridge

# EXHIBIT 6

[redacted]

# HCab LICENSE AGREEMENT

This HCAb License Agreement (the "Agreement") is entered into as of December 3, 2013, with an effective date of December 8, 2011 (the "**Effective Date**") by and between **Amgen** Inc. ("**Amgen**"), a Delaware corporation, having a business address of One Amgen Center Drive, Thousand Oaks, California 91320, U.S.A. and **Harbour Antibodies HCAb BV** ("**Harbour**"), a Netherlands corporation, having an office at Dr. Molewaterplein 50, 3015 GE Rotterdam, The Netherlands. Amgen and Harbour may be referred to herein individually as a "Party," and collectively as the "Parties;"

[redacted]; and

Harbour is willing to grant such license and deliver the Harbour Technology to Amgen on and subject to the terms and conditions set forth below and;

Therefore, in consideration of the mutual covenants and promises set forth in this Agreement, the parties agree as follows:

1. **Definitions**. The capitalized terms used in this Agreement and not defined elsewhere in it will have the meanings specified for such terms in this Article 1:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

2. Grant of Licenses.

2.1. **Research and Commercial Licenses.** [redacted]

[redacted]

2.2. **Sublicense Rights.** [redacted]

[redacted]

2.3. **Amgen Ownership.** [redacted]

2.4. **Reservation of Rights.** [redacted]

3. **Payment for Delivery and Licenses.**

3.1. **Payments.** [redacted]

(a) [redacted]

(b) [redacted]

(c) [redacted]

(d) [redacted]

[redacted]

3.2. **Currency** [redacted]

3.3. **Invoices.** [redacted]

3.4. **Reporting and Auditing.** [redacted]

4. **Antibody Programs; Use and Commercial Development.**

4.1. **Delivery of the Harbour Technology.** [redacted]

4.2. **Maintenance of the Harbour Technology; Replacement.** [redacted]

[redacted]

4.3. **Development and Commercialization of Antibody Products.** [redacted]

5. **Treatment of Confidential Information.**

5.1. **Disclosure.** [redacted]

5.2. **Disclosure Restriction.** [redacted]

5.3. **Exceptions for Disclosure.** [redacted]

5.4. **Measures.** [redacted]

5.5. **Publications and Press Releases.** [redacted]

[redacted]

5.6. **Duration.** [redacted]

6. **Representations, Warranties and Covenants.**

6.1. **Harbour Representations and Warranties.** Harbour represents and warrants to Amgen as of the Effective Date the following:

[redacted]

6.2. **Right of Set-Off.** [redacted]

7. **Indemnification.**

7.1. **Indemnification by Amgen.** [redacted]

([redacted]

[redacted]

[redacted]

[redacted]

7.2. **Indemnification by Harbour.** [redacted]

[redacted]

[redacted]

[redacted]

7.3. **Notice of Claim.** [redacted]

[redacted]

7.4. **Defense, Settlement, Cooperation and Expenses.** [redacted]

8. **Notices.** [redacted]

***Amgen* - Notices:** [redacted]

***Harbour - Notices:***

[redacted]

[redacted]

9. **Miscellaneous.**

9.1. **Binding Effect.** [redacted]

9.2. **Amendment.** [redacted]

9.3. **Waiver.** [redacted]

9.4. **Third Party Beneficiaries.** [redacted]

9.5. **Assignment and Successors.** [redacted]

9.6. **Force Majeure.** [redacted]

9.7. **Severability.** [redacted]

**10. Other Agreements.** [redacted]

**11. Termination and Disengagement.**

11.1. **Term.** T[redacted]

11.2. **Termination for Breach.** [redacted]

11.3. **Termination at Will.** [redacted]

11.4. **Effect of Termination.** [redacted]

11.5. **Survival.** [redacted]

**12. Dispute Resolution and Governing Law.** [redacted]

[redacted]

13. **Counterparts.** [redacted]

14. **Relationship of the Parties.** [redacted]

15. **LIMITATION OF LIABILITY.** [redacted]

**IN WITNESS WHEREOF,** the parties have caused this Agreement to be executed by their duly authorized representatives.

**AMGEN INC.**

By: ______________________
Name: Alexander Kamb, Ph.D.
Title: SVP Discovery Research
Date: 12/6/13

LEGAL DEPT TAF AMF

**HARBOUR ANTIBODIES HCAB BV**

By: ______________________
Dr. B.J. Bormann
Chief Executive Officer
Date: Dec 3, 2013

By: ______________________
Dr. Frank Grosveld
Founder, CSO and Director, Board of Harbour Antibodies
Date: 3 Dec 2013

## HARBOUR PENDING HCAb U.S. PATENT APPLICATIONS

| **Title/ PCT No.** | **Application Serial No./ Our Ref. No.** | **Earliest U.S. Filing Date*/ Earliest Priority Date** | **Status/Projected Office Actions** | **Response Deadline /Expiration** | **Claimed Subject Matter** |
|---|---|---|---|---|---|
| *Immunoglobulin 2/* PCT/IB2002/02303 | 12/830,589/ CARP0015-102 | April 24, 2002/ April 24, 2001 | Issued -- U.S. Pat. 8,507,748 | /4/24/2022 | Methods for making VHH antibodies in **mice** (Cμ not required) using naturally occurring camelid VHH gene segments |
| *Immunoglobulin 1/* PCT/IB2002/02424 | 12/833,132/ CARP0015-103 | April 24, 2002/ April 24, 2001 | Issued -- U.S. Pat. 8,502,014 | /4/24/2022 | Methods for making VHH antibodies in **mice** (with Cμ) using naturally occurring camelid VHH gene segments |
| *Immunoglobulin 2/* PCT/IB2002/02303 | **13/953,894** **CARP0015-104** | April 24, 2002/ April 24, 2001 | /18 months | | Methods for making VHH antibodies in **rodents** (Cμ not required) using VHH exons encoding camelid VHH |
| *Immunoglobulin 1/* PCT/IB2002/02424 | **13/951,906** **CARP0015-105** | April 24, 2002/ April 24, 2001 | /18 months | | Methods for making VHH antibodies in **rodents** (with Cμ) using VHH exons encoding camelid VHH |
| *Binding Molecules/* PCT/GB2005/02892 | **12/645,653/** **CARP0017-101** | July 22, 2005/ July 22, 2004 | RCE filed July 10, 2013/ 6 months | | Methods for making soluble VH domains in **mice** using naturally occurring VH gene segments |
| *Binding Molecules/* PCT/GB2005/02892 | 12/645,684/ CARP0017-102 | July 22, 2005/ July 22, 2004 | RCE filed June 14, 2013/ 6 months | | Methods for making soluble HCAbs in **mice** using naturally occurring VH gene segments |

## HARBOUR PENDING HCAb U.S. PATENT APPLICATIONS (CONT.)

| | | | | | |
|---|---|---|---|---|---|
| *Binding Molecules/*<br>PCT/GB2005/02892 | 13/013,156/<br>CARP0017-103 | July 22, 2005/<br>July 22, 2004 | /7 months | | Binding polypeptide complexes – heavy chain dimers with 4 binding domains |
| *Binding Molecules/*<br>PCT/GB2005/02892 | 13/837,520/<br>CARP0017-104 | July 22, 2005/<br>July 22, 2004 | /13 months | | Methods for making soluble HCAbs in **rodents** (dependent claims recite 20 or more human VH gene segments, all human D gene segments) |
| *Binding Molecules/*<br>PCT/GB2005/02892 | **13/837,402/**<br>**CARP0017-105** | July 22, 2005/<br>July 22, 2004 | /13 months | | Methods for making soluble VH domains in **rodents** (dependent claims recite 20 or more human VH gene segments, all human D gene segments) |
| *Generation of HCAbs in Transgenic Animals/*<br>PCT/IB2007/001491 | **12/161,981/**<br>**CARP0019-100** | January 25, 2007/<br>January 25, 2006 | RCE filed 3/20/12/<br>3 months | | Methods for making HCAbs comprising multiple VH **loci** on different chromosomes |
| *Soluble "Heavy Chain Only" Antibodies/*<br>PCT/GB2010/000500 | 13/259,472/<br>CARP0023-100 | March 24, 2010/<br>March 24, 2009 | Non-Final Rejection | Maximum –<br>**4/1/2014** | Soluble HCAbs and soluble VH domains *per se*; specific VH loci disclosed |

## HARBOUR PENDING HCAb U.S. PATENT APPLICATIONS (CONT.)

| | | | | | |
|---|---|---|---|---|---|
| *Soluble "Heavy Chain Only" Antibodies/* PCT/GB2010/000500 | 13/815,812/ CARP0023-101 | March 24, 2010/ March 24, 2009 | / 13 months | | Non-human mammals with transgenes comprising 18 specific human VH gene segments and 20 human D gene segments; vector comprising same; and methods of making antibodies using same |
| *Binding Molecules* | 61/852,343/ HARB0002-001 | March 15, 2013** | Provisional application filed March 15, 2013 | File Regular/PCT by **March 15, 2014** | Non-human mammals with transgenes comprising specific human VH gene segments in specific order including 8V3; transgenes of specific sequence; and methods of making antibodies using same |

* For calculating 20-year term.
** Provisional filing date not used in calculating 20-year term.

# EXHIBIT 7

[redacted]

AMGEN

One Amgen Center Drive.
Thousand Oaks, CA 91320-1799
805-447-1000
www.amgen.com

**Via UPS International Air Courier**

October 30, 2017

Dr. F. G. Grosveld
Harbour Antibodies BV
c/o Department of Cell Biology
Erasmus MC
Dr. Molewaterplein 50
3015 GE, Rotterdam
The Netherlands

Re: Notice of Termination of HCab License Agreement (Amgen ref. no. 2013583886; the "Agreement")

Dear Sir or Madam:

Pursuant to Section 11.3 of the Agreement, this is to notify you that Amgen hereby terminates the Agreement effective November 2, 2017.

Please acknowledge receipt of this notice by signing below and return one original of this letter to: Cathy McGillivray, Amgen Inc., M/S 27-2-A, One Amgen Center Drive, Thousand Oaks, CA 91320.

Sincerely,

LEGAL DEPT CMC CMC

Jennifer Allen
Dir Research

**HARBOUR ANTIBODIES BV**

By: R. Cameron
Name: Roderick M. Cameron, Ph.D.
Title: Sr. Director BD & Alliances
Date: 11/20/2017

Amgen contract no. 2013583886-001

# EXHIBIT 8

[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

HARBOUR ANTIBODIES BV, HARBOUR ANTIBODIES HCAb BV, ERASMUS UNIVERSITY MEDICAL CENTER ROTTERDAM, and DR. ROGER KINGDON CRAIG,

*Plaintiffs*,

v.

TENEOBIO, INC.,

*Defendants*.

Civil Action No. 1:21-cv-1807-MN

**JURY TRIAL DEMANDED**

**DECLARATION OF MARIA ADRIANA JOHANNA VAN ZEIJL**

I, Maria A.J. van Zeijl, declare:

1. I am the financial controller at Harbour Antibodies BV. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to these facts.

2. I submit this declaration in support of Plaintiffs' Letter to the Honorable Maryellen Noreika Regarding Plaintiffs' Motion for Leave to Amend their Complaint.

3. Harbour Antibodies HCAb BV is a subsidiary of Harbour Antibodies BV.

4. On December 3, 2013, Harbour Antibodies HCAb BV entered an agreement with Amgen Inc. titled "HCab License Agreement," which is attached to Plaintiffs' Letter as Exhibit 6.

5. Under Section 3 of the HCab License Agreement, Amgen is required to make payments to Harbour. *See* Exhibit 6 at 4–5.

6. Attached as Exhibit A is a true and accurate copy of a document identifying all payments received from Amgen, including under the HCab License Agreement.

7. As shown in Exhibit A, [redacted].

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2025 at Rotterdam, The Netherlands.

Maria A.J. van Zeijl

# EXHIBIT A

Ul.

| All payments received from Amgen | | | |
|---|---|---|---|
| All amounts are USD | | | |
| [redacted] | | | |
| [redacted] | | [redacted] | |
| [redacted] | | [redacted] | [redacted] |

| [redacted] | | | |
|---|---|---|---|
| [redacted] | | [redacted] | [redacted] |
| | | | |
| [redacted] | | [redacted] | |