## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARBOUR ANTIBODIES BV, HARBOUR ANTIBODIES HCAB BV, ERASMUS UNIVERSITY MEDICAL CENTER ROTTERDAM and DR. ROGER KINGDON CRAIG, <br><br> Plaintiffs, <br><br> v. <br><br> TENEOBIO, INC. and AMGEN INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| TENEOBIO, INC. and AMGEN INC., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HARBOUR ANTIBODIES BV, HARBOUR ANTIBODIES HCAB BV, ERASMUS UNIVERSITY MEDICAL CENTER ROTTERDAM, DR. ROGER KINGDON CRAIG, and HBM HOLDINGS LTD. <br><br> Counterclaim-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 21-1807 (MN)

**JURY TRIAL DEMANDED**

█████████████

**PUBLIC VERSION**

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. SERGE MUYLDERMANS

# TABLE OF CONTENTS

**Page**

I. ARGUMENT ...............................................................................................................1

    A. Dr. Muyldermans' Invalidity Opinions Should Be Excluded Because They Are Not Based On A Proper Interpretation Of The Claims .....................................1

    B. Dr. Muyldermans Unreasonably Chose Not To Read The Specifications. .............2

II. CONCLUSION ...........................................................................................................3

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arendi SARL v. LG Elecs. Inc.*,
　C.A. No. 12-1595-MN (D. Del. Apr. 8, 2022), D.I. 360 .........................................................2

*Phillips v. AWH Corp.*,
　415 F.3d 1303 (Fed. Cir. 2005)..........................................................................................2, 3

*TI Grp. Auto. Sys. (N. Am.), Inc. v. VDO N. Am., L.L.C.*,
　375 F.3d 1126 (Fed. Cir. 2004).......................................................................................1, 2, 3

*Wave Neuroscience, Inc. v. Brain Frequency LLC*,
　Civ. SA-23-cv-00626-XR (W.D. Tex. Oct. 4, 2024), D.I. 47 ..................................................2

**RULES**

Fed. R. Evid. 702 .....................................................................................................................2

**GLOSSARY OF TERMS**

| | |
|---|---|
| the Asserted Patents | Collectively, U.S. Patent Nos. 9,346,877, 9,353,179, 10,906,970, and 10,993,420 |
| the '877 Patent | U.S. Patent No. 9,346,877 |
| the '179 Patent | U.S. Patent No. 9,353,179 |
| the '970 Patent | U.S. Patent No. 10,906,970 |
| the '420 Patent | U.S. Patent No. 10,993,420 |
| the Family 1 Patents | Collectively, the '877 Patent, the '179 Patent, and the '970 Patent |
| the Asserted Claims | Collectively, '877 Patent claims 1, 4–8; '179 Patent claims 1, 4–8; '970 Patent claims 1–2; and '420 Patent claims 1–3, 13 |
| Br. | Plaintiffs' Opening Brief In Support of Their Motion To Exclude The Expert Testimony Of Dr. Serge Muyldermans (D.I. 416) |
| Opp. | Defendants' Answering Brief In Opposition To Plaintiffs' *Daubert* Motion To Exclude The Opinions Of Defendants' Expert Serge Muyldermans, Ph.D. (D.I. 471) |

**TABLE OF EXHIBITS**[1]

| Exhibit | Description |
|---|---|
| 1 | Opening Expert Report of Serge Muyldermans, Ph.D. Regarding the Invalidity of U.S. Patent Nos. 9,346,877; 9,353,179; 10,906,970; and 10,993,420 (dated October 7, 2025) (annotations added for clarity) |
| 2 | Reply Expert Report of Serge Muyldermans, Ph.D. Regarding the Invalidity of U.S. Patent Nos. 9,346,877; 9,353,179; 10,906,970; and 10,993,420 (dated November 25, 2025) (annotations added for clarity) |
| 3 | Excerpts from Opening Expert Report of Hidde L. Ploegh, Ph.D. Regarding Invalidity of U.S. Patent Nos. 9,346,877; 9,353,179; 10,906,970; and 10,993,420 (dated October 7, 2025) (annotations added for clarity) |
| 4 | Excerpts from Answering Expert Report of Hidde L. Ploegh, Ph.D. Regarding Non-Infringement of U.S. Patent Nos. 9,346,877; 9,353,179; 10,906,970; and 10,993,420 (dated November 4, 2025) (annotations added for clarity) |
| 5 | Excerpts from Opening Expert Report of Stephen E. Meek, Ph. D. Regarding Transgenic Model Technologies (dated October 6, 2025) (annotations added for clarity) |
| 6 | Excerpts from Deposition Transcript of Dr. Serge Muyldermans, taken on December 10, 2025 (annotations added for clarity) |
| 7 | *Wave Neuroscience, Inc. v. Brain Frequency LLC,* Civ. No. SA-23-cv-00626-XR (W.D. Tex. October 4, 2024), D.I. 47 (annotations added for clarity) |
| 8 | Excerpts from Markman Hearing Transcript dated November 10, 2025 |

---

[1] Exhibits 1-7 cited herein are attached to Plaintiffs' Opening Brief In Support Of Their Motion To Exclude The Expert Testimony Of Dr. Serge Muyldermans (D.I. 416).  All emphasis added unless otherwise noted.

In their opposition, Defendants spent pages discussing Dr. Muyldermans' expertise in camels. *See* Opp. 1-2, 6. But Plaintiffs' motion is not based on Dr. Muyldermans' qualifications; rather, it focuses on the required analysis that he failed to perform. Regardless of his qualifications, Dr. Muyldermans needed to apply the plain meaning of the claims in the context of the patents to the prior art. Dr. Muyldermans, however, admitted that he did not understand the meaning of the claims and chose not to read the specifications to gain an understanding. Because Dr. Muyldermans' analysis did not meet that minimum threshold, his invalidity opinions are unreliable, unhelpful to the jury, and should be excluded.

## I.    ARGUMENT

### A.    Dr. Muyldermans' Invalidity Opinions Should Be Excluded Because They Are Not Based On A Proper Interpretation Of The Claims.

Dr. Muyldermans did not understand the meaning of the claims and thus could not apply a proper interpretation of the claims to the prior art as the law requires. *See* Br. 3. Defendants cannot dispute Dr. Muyldermans' failure to understand the claims, so they instead argue that he "applied the correct claim constructions, and Harbour never suggests otherwise." Opp. 4. But Defendants' arguments do not save Dr. Muyldermans' unreliable analysis.

*First*, Defendants' assertion that Dr. Muyldermans "applied the Court's claim constructions and the parties' agreed-upon constructions" (Opp. 4) does not cure the unreliability of Dr. Muyldermans' analysis because most of the claim terms were not construed by the Court or the parties. *Compare* Ex. 2, ¶¶ 38-41 with *id.* ¶¶ 43-45. Therefore, even if Dr. Muyldermans applied the claim constructions, he did not understand the other claim terms, did not review the specification to try to gain an understanding of those terms, and thus did not apply the "proper interpretation of the claims" to the prior art as required. *See* Br. 3; *TI Grp. Auto. Sys. (N. Am.), Inc. v. VDO N. Am., L.L.C.*, 375 F.3d 1126, 1139 (Fed. Cir. 2004) (internal quotation omitted); *see*

*also Arendi SARL v. LG Elecs. Inc.*, C.A. No. 12-1595-MN (D. Del. Apr. 8, 2022), D.I. 360, at 8 (excluding expert's opinion because he "failed to apply the plain and ordinary meaning of the claim term, ***which no party asked the Court to construe.***").

***Second***, Defendants' argument that "Harbour has not identified a single opinion. . . paragraph or sentence in Dr. Muyldermans's opinions" misses the point. Opp. 5. Dr. Muyldermans' failure to understand the claim language or read the specifications does not impact just a few select paragraphs. Instead, it renders every position in his invalidity analysis inherently unreliable, irrelevant, and unhelpful to the jury because they are not "based on sufficient facts or data," *i.e.*, the plain meaning of the claims based on the disclosures in the specifications. Fed. R. Evid. 702. The entirety of Dr. Muyldermans' opinions should thus be excluded.

***Third,*** Defendants point to Dr. Oettinger's opinions regarding the term "with an antigen" to justify Dr. Muyldermans' "difficulty understanding certain aspects of the claims." Opp. 5. But Dr. Oettinger's approach in gaining an understanding of the claim language is precisely what the law requires and what Dr. Muyldermans failed to do here: she read the specifications. *See id.*; Ex. 8 at 108:14-113:21; *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005).

Accordingly, Dr. Muyldermans failed to perform a proper invalidity analysis. And applying the plain and ordinary meaning of the claims based on the specification is a threshold requirement for providing an invalidity analysis to the jury. *See TI Grp.*, 375 F.3d at 1139. Allowing Dr. Muyldermans' invalidity opinions to be presented to the jury would merely "muddy the waters" and give them "an improper stamp of approval where none is warranted." Ex. 7 (*Wave Neuroscience, Inc. v. Brain Frequency LLC,* Civ. SA-23-cv-00626-XR (W.D. Tex. Oct. 4, 2024), D.I. 47) at 4.

**B.    Dr. Muyldermans Unreasonably Chose Not To Read The Specifications.**

Defendants' justifications for Dr. Muyldermans' decision not to read the specifications—

despite understanding that "the specification gives meaning to the claims in the patent"—cannot save his unreliable opinions.  *See* Opp. 5-6; Ex. 6 at 63:11-15.

*First*, Defendants' argument that "Dr. Muyldermans [] read the specifications. . . in forming his opinions" cannot be squared with his actual testimony.  Opp. 6.  ███████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████████  This is not a situation where Dr. Muyldermans only had "a rocky start" to his deposition.  Opp. 3.  ████████████████

████████████████████████████████████████████████████████████████████

██████████████████████

*Second*, Defendants argue that "read[ing] the claims in view of the specification" in performing an invalidity analysis is "a novel argument" because that is "for claim construction, not anticipation or obviousness."  Opp. 5-6.  That is incorrect.  An invalidity analysis *requires* a "proper interpretation of the claims," which, as even Dr. Muyldermans understood, requires reading the claims "in view of the specification."  *TI Grp.*, 375 F.3d at 1139; *Phillips*, 415 F.3d at 1315; Ex. 6 at 63:11-15.  If Dr. Muyldermans had any confusion about the claim terms' plain meaning, the answer was to read the patent specifications, not ignore them because he was "busy."  *See* Ex. 6 at 18:9-14, 21:11-23, 26:6-13, 28:12-20.

*Lastly*, regardless of whether Dr. Muyldermans saw the specifications, Dr. Muyldermans' invalidity opinions should be excluded because, as discussed above, he did not understand the claim terms.

## II.    CONCLUSION

The Court should exclude Dr. Muyldermans' unreliable invalidity opinions.

OF COUNSEL:

John M. Desmarais
Tamir Packin
Kyle G. Petrie
Jordan N. Malz
Michael E. Furrow
Karl Mullen
Jun Tong
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Adam D. Steinmetz
Rebecca Lindhorst
Thomas Romanchek
DESMARAIS LLP
1899 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20006
(202) 451-4900

Maria Tartakovsky
DESMARAIS LLP
101 California Street
Suite 3000
San Francisco, CA 94111
Tel: (415) 573-1900

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  */s/ Bindu A. Palapura*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew M. Moshos (#6685)
    Malisa C. Dang (#7187)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    amoshos@potteranderson.com
    mdang@potteranderson.com

*Attorneys for Plaintiffs/Counterclaim Defendants Harbour Antibodies BV, Harbour Antibodies HCAb BV, HBM Holdings Ltd.'s and Erasmus University Medical Center Rotterdam*

4

OF COUNSEL:

Kathleen M. Williams, PhD, J.D.
NUTTER MCCLENNAN & FISH LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2294

Amir Naini
NAINI P.C.
2632 Wilshire Blvd., Suite 268
Santa Monica, CA 90403

Dated: February 5, 2026
12689660 / 24513.00001

Public Version Dated:  February 19, 2026

ASHBY & GEDDES

By:  */s/ Andrew Colin Mayo*
    Andrew Colin Mayo (#2114)
    500 Delaware Avenue, 8th Floor
    P.O. Box 1150
    Wilmington, DE  19801
    Tel:  (302) 654-1888
    amayo@ashbygeddes.com

*Attorneys for Plaintiff Dr. Roger Kingdon Craig*

5